## UNITED STATES  DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**ALEX J. LEVY**                                              **CIVIL ACTION**

**VERSUS**                                                    **NO. 08-4418**

**MICHAEL SMITH, ET AL.**                                     **SECTION:  "R"(1)**

## REPORT AND RECOMMENDATION

Plaintiff, Alex J. Levy, a state pretrial detainee, filed this *pro se* complaint pursuant to 42 U.S.C. § 1983 against Michael Smith and Edward Gaddis.  With respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

The Court has broad discretion in determining the frivolous nature of a complaint.  Cay v. Estelle, 789 F.2d 318, 325 (5th Cir. 1986), modified on other grounds, Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993).  In making that determination, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).  Thus, a complaint is frivolous "if it lacks an arguable basis

in law or fact." <u>Reeves v. Collins</u>, 27 F.3d 174, 176 (5th Cir. 1994); <u>Booker</u>, 2 F.3d at 115 & n.6. Although broadly construing plaintiff's complaint,[1] the Court nevertheless finds that this civil action should be dismissed as frivolous and for failing to state a claim on which relief may be granted.

From the complaint, it appears that plaintiff is a contractor who was hired by defendant Michael Smith to renovate a home in New Orleans East.  It further appears that defendant Edward Gaddis was employed as a subcontractor on that job.  On August 6, 2006, after problems with the job, plaintiff was allegedly forced at gunpoint to write checks to Smith and Gaddis.  Plaintiff also contends that Gaddis stole materials and equipment from the job site.

Plaintiff claims that he was then subsequently arrested for contractor fraud on February 27, 2008, based on lies Smith told to law enforcement authorities.  Plaintiff states that the fraud charge was ultimately dismissed on April 28, 2008; however, he remains incarcerated on a pending charge of writing worthless checks.

Based on the foregoing allegations, plaintiff is attempting to sue Smith for malicious prosecution, stalking, kidnaping, false imprisonment, use of a dangerous weapon, and failure to pay a debt.  Plaintiff is attempting to sue Gaddis for theft, false imprisonment, and use of a dangerous weapon.

Plaintiff filed this complaint pursuant to 42 U.S.C. § 1983, a federal statute which "creates a private right of action for redressing violations of federal law by those acting under color of state law." <u>Olabisiomotosho v. City of Houston</u>, 185 F.3d 521, 525 (5th Cir. 1999).  The United States Fifth Circuit Court of Appeal has noted:

---

[1] The court must liberally construe a *pro se* civil rights complaint.  <u>See</u> <u>Moore v. McDonald</u>, 30 F.3d 616, 620 (5th Cir. 1994).

2

> To state a claim under section 1983, a plaintiff must allege facts tending to show (1) that he has been deprived of a right secured by the Constitution and the laws of the United States, and (2) that the deprivation was caused by a person or persons acting under color of state law.

Bass v. Parkwood Hospital, 180 F.3d 234, 241 (5th Cir. 1999) (quotation marks omitted); see also

Wong v. Stripling, 881 F.2d 200, 202 (5th Cir. 1989).  The only defendants in this lawsuit are Smith

and Gaddis, both of whom are *private individuals*.  Because they are not state actors, the federal civil

rights claims asserted against them must be dismissed.

Further, to the extent that plaintiff's complaint may be interpreted as also asserting pendent

state law claims, the Court should decline to exercise supplemental jurisdiction over any such claims

if all of the federal claims are in fact dismissed.  See 28 U.S.C. § 1367(c)(3) ("The district courts

may decline to exercise supplemental jurisdiction over a [pendent] claim ... if ... the district court

has dismissed all claims over which it has original jurisdiction."); see also Bass, 180 F.3d at 246

("When a court dismisses all federal claims before trial, the general rule is to dismiss any pendent

claims.").[2]

---

[2]  Out of an abundance of caution, the Court notes that plaintiff makes references in the complaint to judicial misconduct and to his continued incarceration based on the pending charge of issuing worthless checks.  However, it would be futile to construe the complaint even in part as a petition seeking *habeas corpus* relief pursuant to 28 U.S.C. § 2241, because any such *habeas* claims would also be subject to dismissal for the following reasons.

A petitioner seeking relief from a federal court under § 2241 normally must first have exhausted his claims in the state courts.  The United States Fifth Circuit Court of Appeals has held:

> Section 2241(c)(3), which empowers district courts to issue the writ before a judgment is rendered in a criminal proceeding, makes no reference to exhaustion.  Despite the absence of an exhaustion requirement in the statutory language of section 2241(c)(3), a body of case law has developed holding that although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the

3

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's federal civil rights claims be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B) as frivolous and for failing to state a claim on which relief may be granted.

It is **FURTHER RECOMMENDED** that plaintiff's state law claims be **DISMISSED WITHOUT PREJUDICE**.

---

> exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner.
>
> The exhaustion doctrine of section 2241(c)(3) was judicially crafted on federalism grounds in order to protect the state courts' opportunity to confront and resolve any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process.

Dickerson v. Louisiana, 816 F.2d 220, 225 (5th Cir. 1987); see also Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973). The Court of Appeals has further held:

> [A] claim is not exhausted unless the habeas petitioner provides the highest state court with a "fair opportunity to pass upon the claim," which in turn requires that the applicant "present his claims before the state courts in a procedurally proper manner according to the rules of the state courts."

Mercadel v. Cain, 179 F.3d 271, 275 (5th Cir. 1999) (quoting Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988)).

Therefore, a Louisiana pretrial detainee generally cannot proceed to federal court pursuant to § 2241 unless he has first presented his claims to the state's highest court, the Louisiana Supreme Court, in a procedurally proper manner. Petitioner has not met that requirement. On September 22, 2008, chambers staff contacted the Clerk of the Louisiana Supreme Court by telephone and confirmed that petitioner has filed no applications with that court relating to this prosecution. Because the Louisiana Supreme Court has never been afforded a "fair opportunity" to pass upon petitioner's *habeas* claims, the claims would not be exhausted. Accordingly, the interests of comity and abstention recognized in Dickerson and Braden would be offended if this Court were to address those claims. Federal intervention at this juncture would serve only to disrupt the state judicial processes.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this twenty-third day of September, 2008.

**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

5